IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. __:____-CV-___-__

| | | |
|---|---|---|
| **LEEBCOR SERVICES, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| U.S. ARMY CORPS OF ENGINEERS, U.S.A.; | ) | |
| HONORABLE CHRISTINE WORMUTH, | ) | |
| SECRETARY OF THE ARMY, IN HER | ) | |
| OFFICIAL CAPACITY; | ) | |
| LIEUTENANT GENERAL SCOTT A. | ) | |
| SPELLMON, U.S. ARMY CHIEF OF | ) | |
| ENGINEERS, IN HIS OFFICIAL CAPACITY; | ) | |
| BRIGADIER GENERAL DANIEL H. HIBNER, | ) | |
| COMMANDER, SOUTH ATLANTIC | ) | |
| DIVISION, U.S. ARMY CORPS OF | ) | |
| ENGINEERS, IN HIS OFFICIAL CAPACITY; | ) | |
| COLONEL ROBERT J. CLARK, | ) | |
| COMMANDER, WILMINGTON DISTRICT, | ) | |
| U.S. ARMY CORPS OF ENGINEERS, IN HIS | ) | |
| OFFICIAL CAPACITY; AND JOHN HILL, | ) | |
| CHIEF, MILITARY BRANCH, WILMINGTON | ) | |
| DISTRICT, U.S. ARMY CORPS OF | ) | |
| ENGINEERS, IN HIS OFFICIAL CAPACITY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Leebcor Services, LLC ("Leebcor"), by and through counsel, files its Complaint against Defendants seeking declaratory and injunctive relief under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, to set aside a final agency action of the government that violates the Antideficiency Act ("ADA"), 31 U.S.C. § 1341, and alleges:

## INTRODUCTION

1. This case concerns the government's attempt to rectify its own construction oversight without expending any additional costs or appropriating the requisite funds.

2. On behalf of the government, Leebcor engaged in a military construction project at Fort Bragg and completed most of the project.

3. However, when the government realized it had failed to appropriate funds for its desired passive force protection measures on the project, the government demanded that Leebcor redo construction and implement those measures on the project anyway—without the corresponding funds.

## PARTIES

4. Leebcor is a Virginia limited liability company with its principal place of business at 430 McClaws Circle, Williamsburg, VA 23185.

5. Defendant is the United States of America, its agents, officers, and employees in their official capacities and acting through the United States Army Corps of Engineers, Wilmington District ("USACE"), with its principal place of business at 69 Darlington Avenue, Wilmington, NC 28403.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the waiver of sovereign immunity under the APA.

7. This Court has personal jurisdiction over the Defendant, as it is situated in Wilmington, North Carolina.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the lawsuit concerns the use of funds for a military construction project at Fort Bragg in Fayetteville, NC.

# FACTUAL ALLEGATIONS

A. **DD Form 1391**

9. In 2015, Congress approved a DD Form 1391 to provide funding for a military construction project (the "Project") at Fort Bragg in Cumberland County, NC. *See* DD Form 1391, attached hereto as **Ex. 1**.

10. The Project's DD Form 1391 provided that "[a]nti-terrorism/force protection measures will be included in accordance with Unified Facilities Criteria (UFC) 4-010-0, DOD Minimum Anti-terrorism Standards for Buildings dated 9 February 2012." *Id*. at 2.

11. The Project's DD Form 1391 also provided a line item for anti-terrorism/force protection ("ATFP") costs equal to $56,000.00, or 0.5% of the total cost of $11,328,000.00. *Id*. at 1.

12. Appendix E of the Project's DD Form 1391 provided:

| TAB G - Anti-Terrorism/Force Protection (AT/FP) | ANTI-TERRORISM/FORCE PROTECTION THREAT STATEMENT: The correct statement below has been chosen:<br>(1). Minimum Threat - Only minimum AT/FP standards apply;<br>(2). Above Minimum Threat - Both minimum standards and above minimum measures are required;<br>(3). No Threat - AT/FP construction standards do not apply to this project.<br><br>If the applicable statement is either (1) or (2), a second paragraph has been inserted that includes a summary of the risk and threat analysis results and a detailed description of what construction features are required to mitigate those threats. A line item estimate of the cost of those measures has been provided in both the Primary and Supporting Facilities in the Estimate of Construction on the front page. |

13. Appendix E of the Project's DD Form 1391 also provided:

3

| TAB G - Anti-Terrorism/Force Protection (AT/FP) Costs | AT/FP THREAT COSTS STATEMENTS: * "No Threat" agrees with Block 9 (No cost is listed). <br> * "Minimum Threat" agrees with Block 9 (Sum of AT/FP costs is 0.5 to 3.5%. <br> * "Above Minimum Threat" agrees with Block 9 (sum of AT/FP cost is 3.5 - 10% of total cost). <br><br> If these cost targets are exceeded, coordination has been made with the Installation Force Protection Officer (FPO) and/or the Protective Design Center (POC Douglas E. Wehring, tel 402-221-4918). |
|---|---|

14. The Project's DD Form 1391 did not include an ATFP summary of the risk and threat analysis results and a detailed description of what construction features are required to mitigate those threats.

15. The Project's DD Form 1391 also did not include a line item for ATFP costs equal to 3.5% - 10% of the total cost.

**B. Leebcor's Engagement**

16. Leebcor was founded in 2008, as a Service-Disabled Veteran-Owned Small Business headquartered in Williamsburg, VA.

17. After 2008, Leebcor grew from a business with fewer than ten employees to one with nearly 100 full-time personnel engaged in dozens of military construction projects.

18. In June 2018, Leebcor became engaged in the Project at Fort Bragg.

19. Two years later, Leebcor had completed approximately 90% of its construction scope for the Project pursuant to funds budgeted in the Project's DD Form 1391.

20. However, in Fall 2020, USACE began to protest that Leebcor's construction did not meet the ATFP measures for "Above Minimum Threat" protection.

21. USACE demanded that Leebcor perform construction to meet ATFP measures for "Above Minimum Threat" protection on the Project.

22. Leebcor refused to comply with USACE's demand because the Project's DD Form 1391 did not authorize ATFP measures for "Above Minimum Threat" protection on the Project.

4

23. On October 7, 2020, USACE sent a terse Letter of Direction to Leebcor and stated:

> We appreciate your opinion that the Corps is in violation of the Antideficiency Act with regard to the Anti-Terrorism Force Protection ("ATFP") measures identified in our letter of direction as they relate to the DD Form 1391 for the project. However, we do not agree with your assessment, and stand by our position that the DD Form 1391 authorizes a design-build facility that meets the ATFP requirements of Fort Bragg, and that we are within the authorized programmed amount and subsequent reprogramming.

Oct. 7, 2020 Letter of Direction, attached hereto as **Ex. 2**.

24. When Leebcor still refused to comply, USACE withheld $1.8 million of Leebcor's invoiced amounts for work already completed on the Project.

25. USACE's demand and subsequent decision to withhold $1.8 million for completed work has placed an immediate financial burden on Leebcor.

26. Moreover, USACE's demand would force Leebcor to incur substantial construction costs for which there is no funding.

**C.     The Present Claim**

27. "[A]n officer or employee of the United States Government…may not…make or authorize an expenditure or obligation exceeding an amount available in an appropriation or fund for the expenditure or obligation[.]"  31 U.S.C. § 1341(a)(1)(A).

28. "After approval by Congress, each DD Form 1391 scope has a statutory basis that cannot be increased without congressional approval.  The scope shown on the DD Form 1391 approved by Congress is the maximum allowable scope for the project, and must be reflected in all phases of project design as well as design-build requests for proposal subsequent to that approval.  Once a project is approved by Congress, design reviews and value engineering studies will also include a verification statement to the effect that the project scope conforms to that of the DD Form 1391." Army Facilities Management Regulation 420-1 § 4-51(b).

29. "[T]he scope of work for a military construction project…may not be increased above the amount specified for that project, construction, improvement, or acquisition in the justification data provided to Congress as part of the request for authorization of the project, construction, improvement, or acquisition." 10 U.S.C. § 2853(b)(2).

30. USACE's Oct. 7, 2020 Letter of Direction authorizes an expenditure on the Project that exceeds the funds appropriated under the Project's DD Form 1391.

31. Leebcor seeks declaratory and injunctive relief to set aside USACE's demand and to prevent Leebcor from acting in furtherance of the same.

32. Leebcor's claims are fit for judicial decision because the interpretation of DD Form 1391 against USACE's demand for "Above Minimum Threat" ATFP measures is purely legal and is not dependent on future uncertainties.

33. Leebcor faces substantial hardship from USACE's demand due to USACE's continued withholding of payment for completed work as well as the potential accrual of construction costs for which Leebcor will not receive payment.

34. Accordingly, USACE's demand constitutes a final agency action that is ripe for review.

## COUNT I – DECLARATORY JUDGMENT

35. Leebcor incorporates its foregoing allegations in paragraphs 1-34 as if fully set forth herein.

36. Leebcor seeks a declaration that USACE's demand that Leebcor perform construction to meet ATFP measures for "Above Minimum Threat" protection on the Project violates the ADA.

6

37. An actual controversy exists because Leebcor seeks a declaration in order to avoid accrual of avoidable construction costs, the risk of legal liability under the ADA, and the inability to receive payment for the work demanded.

38. A declaratory judgment would resolve this dispute because a declaration that the Project's DD Form 1391 does not authorize USACE's demanded ATFP measures would prevent any further violation of the ADA.

39. There is no other adequate legal remedy available to protect Leebcor's interests other than declaratory or injunctive relief because USACE "stand[s] by [its] position that the DD Form 1391 authorizes a design-build facility that meets the ATFP requirements of Fort Bragg, and that [it is] within the authorized programmed amount and subsequent reprogramming."

## COUNT II – PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

40. Leebcor incorporates its foregoing allegations in Paragraphs 1-39 as if fully set forth herein.

41. "The reviewing court shall…hold unlawful and set aside agency action, findings, and conclusions found to be…arbitrary, capricious, an abuse of discretion, or otherwise[.]" 5 U.S.C. § 706(2)(A).

42. Leebcor is likely to succeed on the merits because USACE's demand is arbitrary and capricious in light of the plain language of the Project's DD Form 1391.

43. Leebcor will suffer irreparable harm if USACE forces Leebcor to perform construction of the "Above Minimum Threat" ATFP measures on the Project because Leebcor would accrue substantial construction costs that lack government funding and face legal liability for violating the ADA.

7

44. The balance of equities tip in Leebcor's favor because USACE faces no harm beyond a delay in the Project while Leebcor faces the substantial irreparable harm described above.

45. Leebcor's requested injunction is in the public interest because setting aside USACE's demand favors the good faith use of appropriated funds and the avoidance of violating federal law.

46. Therefore, a preliminary and/or permanent injunction is necessary to set aside USACE's demand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Leebcor Services LLC respectfully requests that this Court enter judgment in Leebcor's favor and against USACE and provide:

1. A judgment declaring that USACE's demand violates the ADA by instructing Leebcor to provide an "Above Minimum Threat" ATFP specialized scope of work without Congressional authorization to expend funds for that work;

2. Preliminary injunctive relief enjoining USACE from proceeding with its demand that requires Leebcor to participate in a violation of the ADA;

3. Permanent injunctive relief enjoining USACE from proceeding with its demand that requires Leebcor to participate in a violation of the ADA;

4. Continuing jurisdiction of this case to ensure compliance with the Court's mandate;

5. An award to Leebcor of costs, including reasonable attorneys' fees; and

6. Such further and other relief as the Court deems just and equitable.

This 15th day of February 2023.

                                       Gordon Rees Scully Mansukhani, LLP

                    By:    */s/ Suzanne R. Walker*
                           Suzanne R. Walker
                           N.C. State Bar No.: 37774
                           421 Fayetteville Street, Suite 330
                           Raleigh, North Carolina 27601
                           Telephone: 984-242-1811
                           Facsimile: 919-741-5840
                           swalker@grsm.com
                           *Attorneys for Plaintiff*